IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY CANN | CRIMINAL ACTION NO. 16-309 |

## MEMORANDUM RE: DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND/OR A NEW TRIAL

**Baylson, J.**                                                                                    **December 17, 2021**

## I.     PROCEDURAL HISTORY

On August 2, 2016, Defendant Anthony Cann ("Defendant") was indicted for a May 2016

violation of 18 U.S.C. § 922(g)(1) which provides, "it shall be unlawful for any person . . . who

has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one

year . . . to . . . possess in or affecting commerce, any firearm or ammunition."  ECF No. 63 at 2

(citing 18 U.S.C. §§ 922(g)(1), (9)); ECF No. 1.

On May 31, 2017 Defendant was tried for this crime in the Eastern District of Pennsylvania.

ECF No. 73.  The Government's case-in-chief established three elements[1]:

(i)      before May 2016, Defendant had been convicted of a crime punishable by a term

of imprisonment of more than one year (a felony);

(ii)     on the date in question, Defendant knowingly possessed a firearm; and

(iii)    Defendant's firearm traveled through interstate commerce before Defendant

possessed it.  ECF No. 63 at 3.

---

[1] When Defendant was tried for violation of 18 U.S.C. § 922(g)(1) in May 2017, these three elements were the only prima facie elements of a § 922(g)(1) violation the Third Circuit required the government prove.  United States v. Barr, 2021 WL 2910939, at *2 (July 12, 2021).

The Government and Defendant stipulated to the fact that "Prior to May 8th, 2016, Defendant had been . . . convicted of a felony within the meaning of [18 U.S.C. § 922(g)(1)]." Id.; see also Trial Transcript, 159:22–160:2.  At the conclusion of the Government's case-in-chief, Defendant made a general Rule 29[2] motion.  ECF No. 73.  Judge DuBois immediately heard argument on Defendant's Rule 29 motion and denied it.  Id.; see also Trial Transcript, 166:8–168:15.  The jury deliberated, and on June 1, 2017 they found Defendant guilty of "possession of a firearm by a convicted felon on or about May 8, 2016, in violation of 18 U.S.C. §§ 922(g)(1)."  ECF No. 75.

## II.    PARTIES' CONTENTIONS

### A.    Defendant's Motion for Judgment of Acquittal

#### 1.    Mr. Cann Seeks Acquittal

On March 17, 2021, Defendant filed a Motion for Judgment of Acquittal and/or New Trial (the "Motion for Acquittal" or "Defendant's Motion").  ECF No. 120.  Defendant argues he is entitled to a judgment of acquittal for two reasons: (i) the government was required to, and failed to, prove a *fourth* element of a 18 U.S.C. § 922(g)(1) violation: that Defendant *knew* he was a felon prohibited from possessing a firearm when he possessed the firearm in May 2016; and (ii) the jury instruction given was improper because it did not include this fourth knowledge-of-felon-status element.  ECF No. 120 at 1.  Defendant argues Rehaif v. United States, 139 S.Ct. 2191 (2019), decided two years after Defendant's trial, requires the Government to have proven this element,

---

[2] A Rule 29 motion, or a motion for a judgment of acquittal, provides, "After the government closes its evidence. . ., the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.  The court may on its own consider whether the evidence is insufficient to sustain a conviction.  If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so." FED. R. CRIM. P. 29(a).

and because it failed to do so and because the jury was not instructed such proof was necessary, Defendant is now entitled to a judgment of acquittal.[3]  Id. at 2–3.

> 2.  If Plain Error Review Applies to this Motion, Mr. Cann Argues It Entitles him to a New Trial

As an alternative to acquittal, Defendant argues plain error review of his Motion requires a new trial.  Id. at 3–4.  Defendant cites United States v. Nasir, 982 F.3d 144, 160–76 (3d Cir. 2020) to support his argument that the Government's failure to prove Rehaif's knowledge-of-felon-status element warrants ordering a new trial on plain error review.  Id.

Defendant argues the government's failure to prove and the trial Court's failure to instruct on the Rehaif knowledge-of-felon-status element satisfy the first two elements of plain error review—that there was error and that the error was plain or obvious.  Id.  To analyze the third and fourth elements for plain error relief—that the error affected the outcome of the proceedings and it seriously affected the fairness, integrity, or public reputation of the proceedings—Defendant contends Nasir holds the court need only review the evidence offered at trial, not "the evidence that the government could have offered but did not."  Id. at 4.  Defendant argues the Government's failure to establish the Rehaif element satisfies the third element for plain error relief, that the error affected the outcome of the proceeding, and fourth element, that the error seriously affected the fairness and integrity of the trial.  Id.

---

[3] Defendant makes no argument that Rehaif applies retroactively.  Indeed, whether Rehaif applies retroactively has not yet been decided by the Supreme Court.  In re Sampson, 954 F.3d 159, 162 (3d Cir. 2020) (Undertaking 28 U.S.C. § 2255 analysis, Rehaif is not a retroactively applicable rule of constitutional law); cf. Griffith v. Kentucky, 479 U.S. 314, 328 (1987) (new constitutional rules of criminal procedure apply retroactively "to all cases, state or federal, ***pending on direct review or not yet final***.") (emphasis added)); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) ("[E]ven if Rehaif had announced a new rule of constitutional law. . . it was not made retroactive to cases on collateral review by the Supreme Court."); In re Hoffner, 870 F.3d 301, 307 (3d Cir. 2017) (Holding, before Rehaif, that for decisions to apply retroactively, "the Supreme Court itself must issue the retroactivity decision, expressly or through a series of decisions.").

        3.       Mr. Cann Argues Harmless Error Applies

Defendant argues harmless error review applies because at the conclusion of the

Government's case-in-chief, Defendant's trial attorney made a general Rule 29 Motion, which

Defendant contends preserved his instant Rehaif claim.  ECF No. 129 at 1; see also ECF No. 73.

Defendant argues "settled law" holds "general motions pursuant to Rule 29 preserve[] all

challenges to the adequacy of the government's evidence."  ECF No. 129 at 1.

**B.**        **Government's Arguments Against Acquittal and a New Trial**

        1.       Defendant Stipulated to his Felony Status

The Government argues Defendant is not entitled to acquittal or a new trial because he

stipulated he had been convicted of a felony before May 2016.  ECF No. 128 at 1.  The Government

argues Defendant's stipulation coupled with Old Chief v. United States, 519 U.S. 172 (1997)[4]

barred it from presenting evidence of Defendant's "numerous prior felony convictions."  Id. at 1–

2.  Although the Government concedes Rehaif requires it prove a defendant knew he was a felon

prohibited from possessing a firearm when he possessed one, the Government notes Rehaif was

decided *two years after* Mr. Cann's trial.  Id. at 2.  Therefore, the Government argues it proved all

three elements of a § 922(g) violation that existed at the time of Mr. Cann's trial.  Id.

        2.       Defendant's Rule 29 Motion at Trial did not Preserve the Instant Motion

The Government argues Greer v. United States, 141 S.Ct. 2090 (2021) makes clear

Defendant is not entitled to any type of relief, whether it be acquittal or a new trial, no matter the

---

[4] In Old Chief v. United States, Old Chief stipulated to the fact that he had a prior conviction for assault when he was arrested for violation of 18 U.S.C. § 922(g).  The Supreme Court held that where a defendant stipulated to the fact that the prior-conviction requirement of § 922(g) was met, the name of the prior offense "addresse[s] no detail . . .  that [is] not [] covered by the stipulation or admission."  519 U.S. at 186.  Therefore, the name of the offense cannot be admitted because the name will be more prejudicial than probative, in violation of FED. R. EVID. 403, as the defendant already stipulated that the prior-conviction element of § 922(g) was satisfied.

applicable standard of review.  Id. at 2.  The Government submits Defendant's Rule 29 Motion at

trial did not preserve his instant Motion because defense counsel did not raise this Rehaif objection

at trial.  Id.  Because defense counsel's Rule 29 Motion did not contain a Rehaif claim, the trial

motion cannot have preserved Defendant's instant motion.  Id. at 2–3.  Because Defendant's

current Motion, which objects both to the sufficiency of the evidence and to the accuracy of the

jury instructions given, involves objections he never made at trial, the Government argues Rule

51(b) and Greer, not Nasir, require plain error review.  Id. at 3–4.

### 3.    The Government Succeeds on Plain Error Review

On plain error review, the Government argues Defendant cannot meet his burden of

showing, "if the District Court had correctly instructed the jury on the mens rea elements of a

felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted"

(Greer, 141 S.Ct. at 2097) because Defendant was convicted of and imprisoned for several felonies

from 1991 to 2010 alone.  Id. at 5–6.  The Government argues Greer holds juries may infer a

defendant knew he was a felon when he possessed the firearm from the very fact that the defendant

*was* a felon at that time.  Id. at 7.  So, the fact that Defendant was a felon many times over defeats

his ability to establish he would have been acquitted had he made a Rehaif objection at trial.  Id.

at 4–5.

Regarding the evidence this Court may review to determine the existence of plain error,

the Government argues even if Defendant correctly stated the only evidence that may be reviewed

is that which was offered at trial (ECF No. 120 at 4), Defendant still loses his Motion because

Defendant's stipulation is a part of the trial record.  ECF No. 128 at 7–8.  Viewing the evidence in

the light most favorable to the Government pursuant to Rule 29, and in accordance with Greer's

holding that Defendant's stipulation he was a felon prior to May 2016 is a part of the trial record

that can be reviewed, the Government argues no reasonable juror would conclude Defendant did

not know he was a felon when he possessed the firearm in May 2016. Id. at 8–9.

## III.    ANALYSIS

### A.    Plain Error Applies Because Defendant's Rule 29(a) Motion Did Not Preserve his Instant Claims

To preserve a claim of error pursuant to Fed. R. Crim. P. 51(b), the party must, "inform[]

the court—when the court ruling or order is made or sought—of the action the party wishes the

court to take, or the party's objection to the court's action and the grounds for that objection." FED.

R. CRIM. P. 51(b). "To preserve claims for appeal, defendants must raise specific arguments—not

mere issues—in the District Court." United States v. Hill, 684 Fed. Appx. 140, 142 (3d Cir. 2017).

If a party fails to properly preserve its *mens rea* claim under Rule 51(b), then plain-error review

applies pursuant to Fed. R. Crim. P. 52(b). Greer v. United States, 141 S. Ct. 2090, 2096 (2021);

U.S. v. Zolicoffer, 869 F.2d 771, 773–74 (3d Cir. 1989) (Plaintiff's challenges to his conviction

raised for the first time on appeal limited the Court "to review for plain errors or defects affecting

substantial rights.").

Here, Defendant's Motion is predicated on two claims: a Rehaif insufficiency of the

evidence claim and an improper jury instruction claim. See ECF No. 120 at 1. Defendant failed

to properly preserve his Rehaif claim because although he made a Rule 29(a) motion at the

conclusion of the government's case-in-chief, he admits he "did not make any specific argument

regarding how the evidence was insufficient nor which elements had not been proven."[5] ECF No.

120 at 3. Defendant also admits he "did not raise an objection to the Court's instruction regarding

whether the [G]overnment has to show Mr. Cann knew of his status as a felon", so Defendant's

---

[5] Defendant cites to various case law from other circuits to support his argument that a general Rule 29 motion preserves sufficiency claims on appeal (see ECF No. 120 at 3), but Defendant does not provide any case law in support of his argument from the Third Circuit.

Rule 29 Motion at trial did not properly preserve his jury instruction claim under Rule 51(b) either.

Indeed, all defense counsel argued in support of his Rule 29 Motion at trial was,

> I'll make the first motion on the charge of obviously the one-count of possession of a firearm by a prohibited person, a convicted felon. In this particular case, I believe in the light most favorable to the Government that, in fact, the Court will have to make a determination in law that, in fact, the officers were credible and that they, in fact, one of the officers in particular, Officer Murphy, observed a firearm in my client's pocket.

Trial Transcript, 166:17–25.  The Court then clarified its role was not to make witness credibility

determinations, but rather it was to determine whether the Government's evidence rose to the

requisite level for each element of a § 922(g)(1) violation.  Id. at 167:1–4.  With that, defense

counsel responded, "That's my argument, Your Honor.   Very brief."   Id. at 167:15–16.

Defendant's Rule 29 Motion at trial did not contemplate any sufficiency of the evidence claim nor

a jury instruction claim, so it cannot be considered to have preserved Defendant's instant claims.

These claims are being raised for the first time in this Motion.  Accordingly, Defendant's Rehaif

and jury instruction claims are unpreserved, and plain error review applies.

### B. Plain Error Applies Because Defendant's Untimely 29(c) Motion Cannot Preserve his Claims

Defendant's Motion pursuant to Fed. R. Crim. P. 29(c) is untimely, so his Rehaif and

improper jury instruction claims are subjected to plain error review.  Rule 29(c) provides, "a

defendant may move for a judgment of acquittal, or renew such a motion, within 14 [fourteen]

days after a guilty verdict or after the court discharges the jury, whichever is later."

Defendant's Motion requests an extension of the fourteen-day time limit for filing the

instant motion due to "excusable neglect" pursuant to Fed. R. Crim. P. 45(b)(1)(B).  ECF No. 120

at 1, 5.  Although this Court recognizes Rehaif was decided nearly two years after Defendant was

found guilty, Defendant's Motion was not filed within fourteen days of Rehaif.   Instead,

Defendant's Motion was filed twenty-one (21) months after <u>Rehaif</u> was decided.[6]   Defendant

makes no argument that a twenty-one-month delay constitutes "excusable neglect" under Fed. R.

Crim. P. 45(b)(1)(B).

The untimeliness of Defendant's Motion supports the application of plain error review

because an untimely Rule 29(c) motion cannot preserve sufficiency claims.  <u>See</u> <u>United States v.</u>

<u>Gaydos</u>, 108 F.3d 505, 509 (3d Cir. 1997) (appellant failed to preserve her claim because her Rule

29(c) motion before the district court was untimely); <u>cf.</u> <u>U.S. v. Miller</u>, 527 F.3d 54, 62 (3d Cir.

2008) ("[W]e will now clarify that a ***timely*** motion for acquittal under Rule 29(c) will preserve a

sufficiency-of-the-evidence claim for review, irrespective of whether the defendant raised the

claim at trial.") (emphasis added).[7]   And for the reasons addressed <u>supra</u> Section III (A),

unpreserved claims are reviewed for plain error.

### C.    Plain Error Analysis[8]

> To establish eligibility for plain error relief, a defendant must satisfy
> three threshold requirements.  First, there must be an error.  Second,
> the error must be plain.  Third, the error must affect 'substantial
> rights,' which generally means that there must be 'a reasonable
> probability that, but for the error, the outcome of the proceeding

---

[6] Defendant's *pro se* motion for a new trial that he filed within three months of <u>Rehaif</u> (ECF No. 112) does not make Defendant's instant Motion timely because Defendant's *pro se* motion was improper.  ECF No. 113.  Defendant filed his motion for a new trial *pro se*, but when he did so, he was represented by counsel.  ECF No. 113.

Defendant argues this Motion should be considered timely because it was filed within three months of <u>Nasir</u>.  However, Defendant became aware of his <u>Rehaif</u> claim once <u>Rehaif</u>, not <u>Nasir</u>, was decided in June 2019.  Therefore, the fact that Defendant's Motion was filed within three months of <u>Nasir</u> does not make it timely.

[7] Although a failure to prove a necessary element of a crime is the type of fundamental error appellate courts may review without an objection raised before the trial court, the substance of Defendant's <u>Rehaif</u> claim remains unsuccessful for the reasons <u>infra</u> III (C).

[8] Contrary to Defendant's position in his Memorandum of Law in Support of Defendant's Motion (ECF No. 120 at 3–4), at oral argument on December 13, 2021 defense counsel conceded that if this Court finds plain error review applies, Defendant loses.

> would have been different.  If those three requirements are met, an
> appellate court may grant relief if it concludes that the error had a
> serious effect on the 'fairness, integrity or public reputation of
> judicial proceedings.'

Greer v. United States, 141 S.Ct. 2090, 2096–97 (2021).  On plain error review, the defendant has

the burden of establishing each of the four requirements for relief, and satisfaction of all four

elements is difficult.  Puckett v. U.S., 129 S.Ct. 1423, 1429 (2009).

18 U.S.C. § 922(g) prohibits certain individuals from possessing a firearm.  To convict

someone of a felon-in-possession violation pursuant to §922(g)(1), the government must prove

beyond a reasonable doubt:

(i)      A felony status element—that prior to the defendant's alleged possession of the
         firearm, he was previously convicted of a crime punishable by imprisonment for a
         term exceeding one year;

(ii)     A knowledge-of-felony-status element—that the defendant knew he was a felon
         prohibited from possessing a firearm;

(iii)    A possession element—that the defendant knowingly possessed a firearm; and

(iv)     A jurisdictional element—that the defendant's possession was "in or affecting
         commerce."

Rehaif v. United States, 139 S.Ct. 2191, 2195–96.

In the instant action, the parties only dispute the second element of a §922(g)(1) violation.

Defendant argues the Government never established Defendant knew he was a felon prohibited

from possessing a firearm when he possessed one in May 2016.  ECF No. 120.  The Government

counters that Defendant stipulated at trial to the fact had a felony conviction before May 2016, that

the Old Chief v. United States, 512 U.S. 172 (1997) decision coupled with Defendant's stipulation

precluded the Government from admitting evidence of Defendant's prior felonies, and that

Defendant cannot satisfy the third element of plain error relief—that a reasonable probability exists the jury would have acquitted Defendant if the District Court correctly instructed the jury on the knowledge-of-felony-status element of §922(g)(1)–because the jury can infer Defendant's knowledge-of-felon-status from his trial stipulation.  ECF No. 128 at 4–5.

The Government is correct.  Defendant cannot establish that a reasonable probability exists that the jury would have acquitted Defendant had they been instructed of the Rehaif element of §922(g)(1) because Greer holds a jury may infer a defendant's knowledge of his felony status from the fact that defendant was a convicted felon before the alleged possession occurred.  Greer, 141 S. Ct at 2097.  In Greer, a criminal defendant sought a new trial for the same reason Defendant seeks one here: during his trial, before Rehaif was decided, the jury was not instructed that the government needed to establish Greer knew he was a felon when he possessed the firearm.  Id. at 2096.  Reviewing for plain error, the Supreme Court ruled Greer could not successfully establish the 'reasonable probability' element for plain error relief because, "If a person is a felon, he ordinarily knows he is a felon.  . . . [A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact he *was* a felon."  Id. at 2097.  Greer could not carry his burden to show there was a reasonable probability he would have been acquitted because he was in fact a felon when he was arrested for possession of a firearm (Id.), he never disputed the fact that he had prior felony convictions (Id. at 2098), he stipulated at trial to the fact that he was a felon (Id.), and on appeal Greer never argued he would present evidence at trial that he did not know he was a felon when he possessed the firearm.  Id.

For all the same reasons, Defendant cannot establish a 'reasonable probability' he would have been acquitted had the jury been instructed of the knowledge-of-felon-status element of §922(g)(1).  Defendant, like Greer, was actually a convicted felon many times over, and spent over

two years in prison before he possessed the firearm in May 2016.  ECF No. 128 at 5–6.  Defendant

made no argument before this Court that he was unaware he was a felon in May 2016, and

Defendant stipulated at trial that,

> Prior to May 8, 2016, Defendant Anthony Cann had been convicted
> in a court of the Commonwealth of Pennsylvania of a crime
> punishable for a term of imprisonment exceeding one year, that is
> he has been convicted of a felony within the meaning of Title 18,
> United States Code, Section 922(g)(1).  Signed by Anthony Cann.

See Trial Transcript, 159:22–160:2; see also United States v. Barr, 2021 WL 2910939, at *2–3 (3d

Cir. July 12, 2021) ("Barr stipulated before trial that he was a felon as of June 2, 2014.  And . . .

Barr has never argued that he would have plausibly contested the knowledge-of-status element.

Barr thus cannot show that, but for the Rehaif error in the jury instructions, there is a reasonable

probability that the jury would have acquitted him.").

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgement of Acquittal and/or a

New Trial is **DENIED**.  An appropriate Order follows.

O:\Alessandra.2021\USA v. Anthony Cann\USA v. Cann Memo Denying Mot. for Acquittal and.or New Trial.docx